# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MICHAEL JAMES CROSSNO                                                   PETITIONER

v.                      NO. 5:14-cv-00259 BSM/HDY

RAY HOBBS, Director of the                                          RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, Arkansas 72201-3325

RECOMMENDATION

In July of 1999, petitioner Michael James Crossno ("Crossno") was convicted in an Arkansas state trial court of two criminal offenses and sentenced to the custody of respondent Ray Hobbs ("Hobbs"), the Director of the Arkansas Department of Correction. In April of 2013, the Arkansas Parole Board ("Board") met to determine whether Crossno should be transferred to the supervision of the Arkansas Department of Community Correction ("DCC"). It appears that one consequence of such a transfer is that he would have become eligible for parole. He represents, and the undersigned accepts as true, that the Board approved the transfer of his supervision to the DCC, subject to his submission of an acceptable parole plan. He represents, and the undersigned accepts as true, that the following then occurred:

> … in order to comply with electronic monitoring, [Crossno] entered into [a] contractual obligation[] with a phone service. Additionally, he spent several thousand dollars to present a suitable residence. His release plan was approved, but before he could be released, late unfavorable feedback pressured [the] Parole Board Chairman to reconsider [the earlier] release decision.

See Document 2 at 5. Upon reconsideration, the Board rescinded its earlier vote and denied the transfer of Crossno's supervision to the DCC, thereby eliminating any possibility for parole. When his requests for reconsideration were denied, he challenged the Board's decision in an Arkansas state court. His complaint was dismissed on a procedural ground and affirmed on appeal, after which he commenced the case at bar.

Crossno commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 22544. In a brief accompanying his petition, he characterized his claims as follows:

> The Arkansas Parole Board, by and through Chairman John Felts, effectively denied Crossno his 14th Amendment Right of Due Process of Law and Equal Protection of the Law as guaranteed by the United States Constitution by denying his parole. This action was in contradiction to the Arkansas statute A.C.A. 16-93-701(a)(2), and said action denied him of a created liberty interest.

See Document 3 at 5.

Hobbs responded to Crossno's petition and asked that it be dismissed. Hobbs offered the following two reasons for asking that the petition be dismissed: first, Crossno's claims are not cognizable because the facts alleged do not "comprise a constitutional violation," see Document 7 at 4; and second, the claims are procedurally barred from federal court review.

Crossno thereafter filed a rebuttal to Hobbs' response. In the rebuttal, Crossno offered the following in support of his petition:

> Petitioner Crossno asserts that Respondent oversimplified his claim that the Parole Board rescinded its decision to transfer him to DCC (now ACC) supervision. Respondent, in their answer, fails to address petitioner's allegation of how the Parole Board created a liberty-interest when they required him to enter into contractual obligations and/or otherwise spend funds to satisfy a parole condition. If it were a matter of a simple rescission, petitioner might be persuaded that no liberty interest was at stake. But because of the requirements involved and actions under taken to satisfy those requirements, liberty interest must attach.

> Parker v. Corrothers, 750 F.2d 653, held that a statute or Board Regulation could create a liberty interest (in fact, it held that Board Regulation 3.09 did create a liberty interest). Crossno asserted that Ark. Code Ann. 16-93-701 created a liberty interest by the use of mandatory (shall) language. Parker was decided in a federal court (8th Circuit) and that case could also be deemed a question of state law and yet was decided on the federal level. Throughout his petition, Crossno has asserted the state's denial of his Due Process rights guaranteed by the U.S. and Arkansas Constitution.

See Document 9 at 3-4.

The undersigned has thoroughly reviewed the record and finds it unnecessary to determine whether Crossno's claims are procedurally barred from federal court review. It is not necessary because his claims warrant no relief. The undersigned therefore recommends that the petition be dismissed, all requested relief be denied, and judgment be entered for Hobbs. The undersigned also recommends that a certificate of appealability be denied.

In Tucker v. Norris, 2009 WL 5066761 at 3-4 (E.D.Ark. 2009), United States District Judge Brian S. Miller adopted the recommendation of United States Magistrate Judge Beth Deere and found the following respect to an Arkansas prisoner's liberty interest in parole:

> The Fourteenth Amendment to the United States Constitution, extending the due process protections of the Fifth Amendment, provides in part that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, 1. Protected liberty interests may arise from the Due Process Clause itself or from an expectation or interest created by state laws or policies. Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

The Due Process Clause itself does not create a protected liberty interest in the possibility of parole or release before expiration of a validly imposed sentence. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Further, nothing in the Arkansas statutes governing parole creates anything more than a mere possibility of parole, and thus the statutes do not establish any right to release on parole that would invoke due process protection. Pittman v. Gaines, 905 F.2d 199, 201 (8th Cir.1990); Parker v. Corrothers, 750 F.2d 653, 655-57 (8th Cir.1984).[FN1]

In Parker v. Corrothers, 750 F.2d 653 (8th Cir.1984), the Eighth Circuit Court of Appeals held that Arkansas Board of Parole Regulation 3.09 created a liberty interest in parole. Id. at 661. The Court went on to explain that due process required that the Board provide more than "boiler plate" language in denying a parole request. Id. at 662. The Board has revised its regulations since the Court's decision in Parker. (# 42)

Instead, the statutes place minimal limitations on the Board's discretion and provide that the Board "may" release an individual on parole when, in its opinion, there is a reasonable probability that he can be released without detriment to the community or himself. Ark.Code Ann. § 16-93-701(a)(1). The statutes also clearly provide for discretion on the part of the Board in formulating "all policies, rules, and regulations regarding parole," setting conditions for parole, and in determining if or when a particular inmate will be paroled. Id. 16-93-206(a)(1) & (4), (e)(1) & (f), 16-93-1302.

The Arkansas Supreme Court has emphasized the broad discretionary authority granted to the Board under the state's parole statutes. Michalek v. Lockhart, 730 S.W.2d 210, 211 (1987); see Dougan v. Ford, No. 04-623, 2005 WL 2387576, 2 (Sept. 29, 2005) (unpub.) ("[i]f the conditions [set by the Board] are too onerous, appellant could decline to accept the conditions set, and elect to serve out his sentence instead"); see also Hamilton v. Brownlee, 237 Fed. Appx. 114, 115 (8th Cir.2007) (unpub.) (Arkansas parole statutes do not create protectible liberty interest in discretionary parole decisions, and prisoner did not have protectible liberty interest in having parole board follow its own hearing policy).

A prisoner committed to the custody of a state penal authority, "can be assured of only one thing-that he will be released from the State's custody at the end of the term of years specified by the sentencing court." Richmond v. Duke, 909 F.Supp. 626, 631 (E.D.Ark.1995).

Applying the foregoing, it is clear that neither Arkansas law nor the Board's regulations give rise to a liberty interest in parole. Crossno maintains that Ark. Code Ann.16-93-701 creates a liberty interest, but Tucker v. Norris makes clear that the statute creates no such interest. Because there was no liberty interest at stake, it cannot be said that a due process violation occurred when he was denied parole.[1]

Crossno alternatively maintains that a liberty interest arose when the Board "required him to enter into contractual obligations and/or otherwise spend funds to satisfy a parole condition." It appears that this objection lies at the heart of this case. He objects to being compelled to spend money in anticipation of his release on parole, only to learn that he would not be released on parole. Although the undersigned empathizes with his economic predicament, it cannot be redressed in this case for at least two reasons. First, there is no proof that the Board required Crossno to enter into contractual obligations and/or expend funds; it simply outlined the requirements for parole. Second, in any event, the undersigned knows of no support for the proposition that a liberty interest arises when a prospective parolee voluntarily enters into contractual obligations and/or expends funds before he is released on parole.

---

[1] There is also no merit to Crossno's assertion that the Board's decision violated his right to equal protection.

Notwithstanding the foregoing, the undersigned has considered the possibility that the Board violated some constitutional right enjoyed by Crossno when it rescinded its first vote and denied the transfer of his supervision to the DCC. The undersigned knows of no such right that was violated. Accepting the truth of his factual assertions, the Board only conditionally approved his release on parole, and there is nothing to suggest that their rescission and re-vote was not permitted.

The undersigned therefore recommends that the petition be dismissed, all requested relief be denied, and judgment be entered for Hobbs. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, a certificate of appealability should also be denied.

DATED this \_\_\_11\_\_\_ day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE